IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER L. STEWART, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 21-1205 |
| KILOLO KIJAKAZI, *Acting Commissioner of Social Security*, | ) ) ) ) |
| Defendant. | ) ) |

O R D E R

AND NOW, this 23rd day of September, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in formulating her residual functional capacity ("RFC") by improperly relying on her ability to engage in sporadic

and transitory activities and findings in her mental status examinations and by failing to properly consider the medical opinion evidence.  The Court disagrees and finds that the ALJ's decision denying Plaintiff's claim for DIB is supported by substantial evidence.

Plaintiff first asserts that "[t]he ALJ improperly relied on Plaintiff's ability to engage in rare and limited sporadic and transitory activities as evidence of ability to engage in regular and continuing work-related activities."  (Doc. No. 14, p. 13).  She argues that such activities "cannot *alone* be used to show the ability to engage in substantial gainful activity."  (*Id.* (emphasis added)).  She contends that the ALJ compounded this error by considering evidence of normal mental status examinations, which again cannot *alone* support a finding of disability and must be supplemented by other evidence.  Indeed, it may well be that, alone, each factor relied upon by the ALJ would not be sufficient to demonstrate disability.  But that is not what happened here.

At no point did the ALJ isolate any of the underlying facts in this case and indicate that this factor alone showed Plaintiff was not disabled.  Rather, he considered all of the evidence in making his findings.  While Plaintiff's activities of daily living may not alone support a finding of non-disability, there was nothing inappropriate in the ALJ considering those activities in evaluating the severity of Plaintiff's symptoms and limitations.  *See* 20 C.F.R. § 404.1529(c)(3)(i); SSR 16-3p, 2016 WL 1119029, at *7 (S.S.A. Mar. 16, 2016); *Wright v. Astrue*, No. Civ. 10-942, 2011 WL 4079067, at *3 (W.D. Pa. Sept. 13, 2011).  The Court further notes that his characterization of those activities is accurate.  Likewise, an ALJ can, and in fact must, consider objective medical evidence such as mental status reports.  *See* 20 C.F.R. § 404.1529(c)(2); SSR 16-3p, at *5.  Indeed, the consistency between a treating source's opinion and his or her own treatment notes is an appropriate consideration in evaluating that opinion.  *See Bryson v. Comm'r of Soc. Sec.*, 639 Fed. Appx. 784, 787 (3d Cir. 2016); *Kibe v. Comm'r of Soc. Sec.*, 787 Fed. Appx. 801, 803 (3d Cir. 2019).  It is important to again note that the ALJ did not rely solely on any one factor in evaluating the medical opinions or in formulating the RFC.  He considered the objective medical records and activities of daily living, as he was obliged to, but also Plaintiff's routine and conservative treatment history, symptom improvement with treatment, and the opinions of the state agency consultants, which he found to be generally persuasive.  In short, there was nothing improper about the factors considered by the ALJ in making his findings.

This does not, of course, necessarily mean that he properly analyzed these factors in evaluating the medical opinion evidence.  Plaintiff argues that the ALJ did not and that he erred in finding the opinions of the state agency medical and psychological consultants – Shelley Ross, Ph.D., Gregory Mortimer, M.D., Edward Jonas, Ph.D., and Diane Fox, M.D. (R. 53-63, 65-76) – to be more persuasive than that of Plaintiff's treating specialist Deanna Rezk, CRNP (R. 598-603).  She argues that these state agency consultants "never saw or treated Plaintiff and failed to perform an independent review of the entire record," and that the ALJ failed to provide adequate explanations for finding their opinions more persuasive than that of CRNP Rezk.  (Doc. No. 14, pp. 15-16).  She argues, as stated above, that the ALJ relied on improper factors and that CRNP Rezk's opinion was actually more consistent with the record.  The Court again disagrees.

It is important to note that, for cases such as this one, filed on or after March 27, 2017, the regulations have eliminated the "treating physician rule." *Compare* 20 C.F.R. § 404.1527(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. § 404.1520c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). While the medical source's treating relationship with the claimant is still a valid and important consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* §§ 404.1520c(b) and (c); 416.920c(b) and (c). Therefore, the fact that the state agency consultants did not treat or examine Plaintiff is of only some importance and does not pertain to the "two most important factors" of consistency and supportability. Indeed, the Court notes that even under the regulations governing cases filed prior to March 27, 2017, while an ALJ was required to consider the treating relationship between a claimant and an opining doctor, when the medical opinion of a treating source conflicted with that of a non-treating, or even a non-examining physician, "the ALJ may choose whom to credit." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). *See also Dula v. Barnhart*, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005); *Salerno v. Comm'r of Soc. Sec.*, 152 Fed. Appx. 208 (3d Cir. 2005).

Here, the ALJ discussed how and why she found the state agency consultants' opinions to be well supported and consistent with the record and how and why CRNP Rezk's opinion was not, noting that it lacked a supporting explanation and that it was, as discussed above, inconsistent with the treatment records, symptom improvement, and Plaintiff's daily activities. This analysis properly complied with the directives of Section 404.1520c, and, as discussed above, the factors considered by the ALJ were proper in making his determination.

Plaintiff also suggests that the opinions of the state agency consultants were less persuasive because they were issued prior to that of CRNP Rezk, so they clearly did not have access to some of the record evidence at the time of their reports. However, the fact that the state reviewing agents' opinions were rendered before other evidence became available does not mean the ALJ was prohibited from finding them to be persuasive. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). Here, while there was, in fact, later evidence to which the state reviewing agents had no access, the ALJ was aware of and considered and discussed this evidence in evaluating the opinions and formulating the RFC.

Plaintiff further argues that, in any event, the RFC as crafted by the ALJ did not account for all of her severe impairments. She argues, for instance, that the ALJ found her migraine headaches to constitute a severe impairment but did not include any limitations in the RFC to account for them, such as limitations to exposure to light or sound. However, this ignores the thorough discussion in the ALJ's decision as to how the treatment records did not support Plaintiff's subjective claims about the frequency and severity of her migraines and how the ALJ factored Plaintiff's migraine headaches into the RFC. (R. 18, 19). Likewise, Plaintiff argues that the ALJ's RFC findings did not adequately account for all of her mental health symptoms, but, as discussed above, the ALJ explained this all in significant detail in his decision.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED as set forth herein.

s/Alan N. Bloch<br>United States District Judge

ecf:        Counsel of record

---

Much of Plaintiff's argument invites the Court to accept her interpretation of what the record evidence shows over that of the ALJ.  However, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently.  *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705).  Moreover, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).  In making his decision here the ALJ relied on the objective medical evidence, Plaintiff's testimony and statements, and the medical opinion evidence.  All of this constitutes substantial evidence in support of the ALJ's findings, especially in light of the United States Supreme Court's reminder that the threshold for meeting the substantial evidence standard "is not high," *Biestek*, 139 S. Ct. at 1154.  Accordingly, for the reasons set forth herein, the Court affirms.